NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**POZEN, INC., HORIZON PHARMA, INC., HORIZON PHARMA USA, INC.,**
*Plaintiffs-Appellants*

v.

**ACTAVIS LABORATORIES FL, INC., fka Watson Laboratories, Inc. - Florida, ACTAVIS PHARMA, INC.,**
*Defendants-Appellees*

---

2017-1604, -1605, -1606, -1607, -1608, -1610, -1611, -1612, -1613, -1614, -1615, -1616

---

Appeals from the United States District Court for the District of New Jersey in Nos. 3:13-cv-03038-MLC-DEA, 3:15-cv-03322-MLC-DEA, 3:15-cv-08523-MLC-DEA, 3:15-cv-08524-MLC-DEA, 3:16-cv-00426-MLC-DEA, and 3:16-cv-04916-MLC-DEA, Judge Mary L. Cooper.

---

**ON MOTION**

---

Before WALLACH, *Circuit Judge*.

**O R D E R**

Appellant Pozen, Inc. and Appellants Horizon Pharma, Inc. and Horizon Pharma USA, Inc. (collectively, "Horizon") separately move to waive the requirements of Federal Circuit Rule 28(d).

These appeals arises from litigation over abbreviated new drug applications. The district court ordered enforcement of a settlement agreement among the parties, which the appellants argue never was finalized and thus is nonbinding. The appellants seek additional markings to describe confidential portions of that agreement, the negotiations of that agreement, as well as sealed relevant district court orders. Pozen submits a brief with 882 redactions. Horizon does not provide a count, but indicates that it has redacted "far more than the fifteen words" allowed.

Federal Circuit Rule 28(d) states that "no material in briefs shall be marked confidential, including references to information previously treated as confidential pursuant to a protective order," except that "each brief may mark confidential up to fifteen (15) words (including numbers) if the information . . . was treated in the matter under review as confidential pursuant to a . . . protective order." A party seeking to mark as confidential more than 15 words in its brief "must file a motion with this court establishing that the additional confidentiality markings are appropriate and necessary pursuant to a statute, administrative regulation, or court rule." *Id*.

The appellants have not shown that all of the markings are appropriate and necessary. Horizon's proposed brief, for example appears to have redacted a citation to a document available publicly on the website of the United States Food and Drug Administration. And both briefs appear to have marked as confidential more general statements and other surrounding words than would be necessary to protect any actual confidential information. Further, the appellants state that they believe substantial

portions of these materials should be disclosed publicly and that the appellees have agreed to some disclosure and still are considering additional disclosures. The court fully expects the parties to negotiate in good faith to minimize the markings in hopes of compliance with Rule 28(d). The court therefore denies the motions without prejudice to refiling to seek additional appropriate redactions, if necessary.

Accordingly,

IT IS ORDERED THAT:

The motions are denied without prejudice to the appellants filing corrected briefs or new motions with a corrected brief to the extent provided herein within 10 days from the date of filing of this order.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s31